IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT GUTIERREZ,

    Plaintiff,

v.                                                      CV 14-00637 RB/WPL

NATHAN HARGER,

    Defendant.

**ORDER GRANTING IN PART**
**MOTION TO LIMIT AND MOTION TO STRIKE**

    This case arises out of an incident that occurred on June 7, 2013, in Albuquerque, New Mexico. Plaintiff Robert Gutierrez claims that Bernalillo County Sheriff's Deputy Nathan Harger used excessive force when arresting him, causing injuries to his back. Discovery has closed and the case is set for trial in January of 2016. Deputy Harger has filed a motion to limit Plaintiff's medical expert, Dr. Stanley Gertzbein, from testifying to any opinions that were not disclosed in his expert report. (Doc. 67.) Deputy Harger has also filed a motion to strike certain medical bills and two medical providers listed as witnesses for the first time in Plaintiff's Seventh Supplemental Initial Disclosures. (Doc. 64.)

    Federal Rule of Civil Procedure 26, the core rule on civil discovery, governs the disclosure of expert testimony in civil cases. A party who wishes to offer expert testimony must disclose the identity of the expert witness to opposing counsel. FED. R. CIV. P. 26(a)(2)(A). An expert, like Dr. Gertzbein, who is "retained or specially employed to provide expert testimony" must prepare and sign a comprehensive written report. FED. R. CIV. P. 26(a)(2)(B). The focus in the motion to limit is on the first requirement for the written report: that it must contain "a

complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i).

Dr. Gertzbein, in his report dated March 12, 2015, gives essentially one opinion: "It is my opinion that the altercation on June 7, 2013 resulted in the fractures of the T6, 7, 8, 9 and 11th vertebrae." He next discusses the facts supporting his opinion: that Plaintiff did not have these fractures on the imaging studies of March 2013 but did have them on imaging studies in September of 2013; that other than the altercation with Deputy Harger, Plaintiff had no history of other back injury during that time; and that following the altercation Plaintiff had back pain identified as being, in part, in the thoracic region associated with a flexed posture consistent with multiple thoracic compression fractures. Dr. Gertzbein concludes by reiterating his opinion that "[o]n the basis of this information, I believe that the altercation on June 7, 2013 resulted in the fractures of the T6, 7, 8, 9 and 11th vertebrae."

Plaintiff's response to the motion can be described as muddled at best, contradictory and occasionally nonsensical. He first asserts that Dr. Gertzbein's deposition testimony on May 8, 2015 did not violate Rule 26 because it did not contain opinions beyond those found in his report. However, Plaintiff later contradicts this assertion by admitting that Dr. Gertzbein's report did not include opinions about whether Plaintiff's prior medical treatment was reasonable and necessary and whether Plaintiff would need future medical treatment. Further, Plaintiff fails to address in any way the other opinions that Dr. Gertzbein gave at deposition that appear to exceed the scope of the report.[1]

---

[1] Deputy Harger claims that Dr. Gertzbein gave the following additional opinions: that the thoracic compression fractures exacerbated Plaintiff's lumbar compression fractures and caused lower back pain; that Plaintiff's treating physicians did not properly diagnose or treat Plaintiff's injuries; and that Plaintiff is more susceptible to future injury as a result of the thoracic fractures.

Plaintiff also asserts that Deputy Harger needed to present expert testimony to show that Dr. Gertzbein's testimony at deposition is different than the opinions in his report. This argument is, of course, nonsense. If judges are capable of holding *Daubert* hearings to serve as gatekeepers to keep expert testimony that is not reliable and relevant out of the courtroom, they are certainly capable of evaluating whether an expert has exceeded the scope of opinions given in his report without expert testimony on this issue. Plaintiff also claims that Deputy Harger has not been prejudiced because he discovered all of Dr. Gertzbein's opinions during the deposition, and if Deputy Harger was prejudiced, it was because Deputy Harger failed to retain a medical expert to testify at trial. Magnanimously, Plaintiff does not accuse Deputy Harger of bad faith in bringing the motion.

A party is under a continuing duty to supplement an expert report to disclose additions or changes to the information in the report. FED. R. CIV. P. 26(a)(2)(E), (e)(2). The consequences for failing to provide an adequate expert report can be severe: a party who fails to disclose information required by Rule 26(a) is not permitted to use the information at trial unless such failure is harmless or otherwise justified. FED. R. CIV. P. 37(c)(1). In determining whether a Rule 26(a) violation is justified or harmless, the court should consider "1) the prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted).

There can be little doubt that Deputy Harger was prejudiced when Dr. Gertzbein gave opinion testimony that exceeded the scope of his report. The purpose of the expert witness report requirement is to eliminate surprise and provide the opposing party with enough information

regarding the expert's opinions and methodology to prepare properly for deposition, pretrial motions and trial. *Dahlberg v. MCT Transp., LLC*, 571 F. App'x 641, 648 (10th Cir. 2014) (unpublished) (citing *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1122 (D. Colo. 2006); *Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1413 (11th Cir. 2011) ("The reason for requiring that an expert report be provided before a deposition is taken is so the opposing party can use the report to examine the expert at the deposition.") Deputy Harger had no notice that Dr. Gertzbein would testify to matters beyond the report and could not prepare effectively to confront the new opinions given at the deposition.

Turning to the second factor, Deputy Harger could not cure the prejudice because he did not know until the deposition that Dr. Gertzbein would give opinions outside the scope of his report. Dr. Gertzbein did not supplement his report, so there was nothing that Deputy Harger could have done prior to the deposition to cure the prejudice. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953-54 (10th Cir. 2002) (finding that Plaintiff could not cure the prejudice when "the expert reports did not reveal what the experts [would] testify to at trial").

The fourth factor, whether a party acted in bad faith or with willfulness, also cuts in favor of Deputy Harger. Plaintiff evaded his discovery obligations and ambushed Deputy Harger with new opinions at the deposition. Plaintiff has yet to give a good explanation for how this occurred. However, even if Plaintiff acted in good faith in producing an incomplete expert report and failing to supplement it, that "good faith alone would not be enough to overcome the other factors." *Id.* at 954.

Factor three, the extent to which introducing Dr. Gertzbein's testimony would disrupt the trial, is the only factor that weighs in favor of Plaintiff. Trial is not scheduled until January of 2016, so there is likely enough time before trial to cure the prejudice created by Plaintiff. And if

problems develop and there is not time to complete discovery before trial, the trial can be rescheduled, a small price to pay for Plaintiff's (or, more accurately, counsel's) transgressions. *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 743 (7th Cir. 1998).

Deputy Harger requests that I limit Dr. Gertzbein's testimony to the opinion expressed in his report, and alternatively requests that I allow him to re-depose Dr. Gertzbein at Plaintiff's expense, retain an expert and conduct additional factual discovery on Plaintiff's damages. Plaintiff requests that I deny the motion and allow Deputy Harger only to present additional testimony to counter Dr. Gertzbein's opinion concerning Plaintiff's future medical expenses. Under the circumstances, I believe Deputy Harger's alternative request is appropriate. Because Plaintiff did not supplement Dr. Gertzbein's report and surprised Deputy Harger with new opinions at the deposition, Plaintiff may not offer Dr. Gertzbein's deposition taken May 8, 2015, at trial. At trial, Dr. Gertzbein is limited to testifying only to those opinions expressed in his report or in his May 8, 2015, deposition. If Deputy Harger decides to take a discovery deposition of Dr. Gertzbein, such deposition may be taken by telephone, and Plaintiff will pay Deputy Harger's attorney's fees and costs to take that deposition.

Given this resolution of the motion to limit, I may address the motion to strike more briefly. Deputy Harger was prejudiced by the late disclosure of the medical bills and the two medical providers. As the Seventh Circuit recognized in a similar situation, a defendant "should not be made to assume that each witness disclosed [by the opposing party] could be an expert witness at trial." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004). Further, Plaintiff's summary disclosure of testimony from the two medical providers is inadequate. While the summary disclosures state the subject matter of the medical providers' testimony, they fail to provide a summary of the facts and opinions to which they will testify. *See* William P. Lynch,

*Doctoring the Testimony: Treating Physicians, Rule 26, and the Challenges of Causation Testimony*, 33 REV. LITIG. 249, 288-92 (2014). However, the prejudice can be cured by extending the discovery deadlines and ordering supplemental summary disclosures in this case.

The pretrial deadlines are extended as follows:

1) Plaintiff shall serve supplemental summary disclosures for the two medical providers on Deputy Harger on or before July 28, 2015;

2) Deputy Harger shall identify any expert on medical issues and provide an expert report by August 11, 2015;

3) The parties will complete any discovery made necessary by this Order by September 8, 2015;

4) Any motions related to discovery authorized by this Order shall be filed by September 22, 2015;

5) Pretrial motions other than discovery motions shall be filed by September 29, 2015;

6) The pretrial order shall be submitted by Plaintiff to Deputy Harger on or before October 30, 2015, and by Deputy Harger to the Court on or before November 13, 2015.

IT IS SO ORDERED.

                                                          William P. Lynch
                                                          United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.